Hi Ruby H. Kazi (CA 243872)
**Benesch, Friedlander, Coplan & Aronoff LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone:  628.600.2250
Facsimile:   628.221.5828
rkazi@beneschlaw.com

*Counsel for Defendant Evans*
*Adhesive Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathanel Scott, | Case No. 5:23-cv-00978-AB-PVC |
| Plaintiff, | **DEFENDANT EVANS ADHESIVE CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| Evans Adhesive Corporation, | |
| Defendant. | Date :       September 1, 2023 |
| | Time:       10:00 a.m. |
| | Ctrm:       7B |
| | Judge:      Hon. Andre Birotte Jr. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   ALLEGED FACTS ................................................................................... 1

III.  LEGAL STANDARD .............................................................................. 2

IV.  ARGUMENT ............................................................................................ 4

     A.    Plaintiff Fails to Plausibly Allege a Disability, as Required by the FEHA and the ADA. ................................................. 4

          1.    Covid-19 is Not a Disability As a Matter of Law ................ 5

          2.    Beyond Conclusory Assertions, Plaintiff Failed to Allege Evans Adhesive Perceived or Regarded Him as Having a Disability. ................................................................... 6

          3.    Due to Plaintiff's Lack of Allegations of Protected Activity, his Retaliation Claim Fails. ........................................ 8

          4.    Plaintiff's Failure to Accommodate and Failure to Engage in Interactive Process Claims Fail ........................... 8

     B.    Plaintiff Fails to Plausibly Allege a Serious Health Condition, as Required by the CFRA and the FMLA. ...................... 9

     C.    Plaintiff's Claim for Wrongful Termination in Violation of Public Policy is Derivative of Claims for Which Plaintiff has Failed to Allege Violations of Law. ....................................... 10

V.    CONCLUSION ...................................................................................... 10

i

**DEFENDANT'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 5:23-cv-00978-AB-PVC**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).....................................................................................2, 3

*Associated General Contractors of California, Inc. v. California State*
  *Council of Carpenters*,
  459 U.S. 519 (1983).........................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................2

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) .........................................................................3

*Janvier v. City of Oakland*,
  2022 WL 14813900 (N.D. Cal. Oct. 25, 2022) ...............................................8

*King v. Permanente Medical Group, Inc.*,
  No. 13-01560, 2013 WL 5305907 (E.D. Cal. Sept. 19, 2013).................8, 9, 10

*Lundstrom v. Contra Costa Health Services*,
  No. 22-cv-06227, 2022 WL 17330842 (N.D. Cal. Nov. 29, 2022)..........4, 5, 6, 8

*Pepper v. Gish*,
  10 F. App'x 474 (9th Cir. 2001) ......................................................................3

*Roman v. Hertz Local Edition Corp.*,
  No. 20cv2462, 2022 WL 1541865 (S.D. Cal. May 16, 2022).....................4, 5, 7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...........................................................................3

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) .........................................................................3

*Wills v. Superior Ct.*,
  195 Cal. App. 4th 143 (2011) ..........................................................................4

**Statutes**

42 U.S.C. § 12102(1) ................................................................................................5

i

**DEFENDANT'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 5:23-cv-AB-PVC**

42 U.S.C. § 12102(1)(A) ................................................................................4

ADA ..............................................................................................*passim*

Cal. Gov. Code § 12900, et seq. (FEHA) .........................................................2

Cal. Gov. Code § 12926(m)(1)(A) ...................................................................4

Cal. Gov. Code § 12926(m)(4) ........................................................................6

Cal. Gov. Code § 12926(m)(5) ........................................................................6

Cal. Gov. Code § 12940 .................................................................................6

CFRA ..........................................................................................................2

FMLA ....................................................................................................9, 10

**Other Authorities**

2 C.C.R. § 11065(d)(9)(B) ..............................................................................4

Fed. R. Civ. P. 8(a)(2) ...................................................................................2

Fed. R. Civ. P. 12(b)(6) .........................................................................*passim*

**DEFENDANT'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 5:23-cv-00978-AB-PVC**

## I.    INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Evans Adhesive Corporation respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint.

Plaintiff's Complaint fails to allege facts to support any of its eight causes of actions. Each claim fails for a common reason: the lack of requisite allegations of a "disability" or a "serious health condition" as those terms are defined by applicable law. Plaintiff unsuccessfully attempts to apply such labels to Plaintiff's claimed Covid-19 test, which ultimately produced a negative result. Still, the result of the test is immaterial to Plaintiff's claims, as a mild illness from Covid-19 constitutes neither a disability nor a serious health condition under applicable law. Thus, Plaintiff cannot rely on conclusory allegations that he was "perceived" as disabled or suffering from a serious health condition in an attempt to prop up his deficient claims. For the reasons set forth below, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and without leave to amend.

## II.    ALLEGED FACTS

Plaintiff alleges that he commenced employment as a batch maker for Evans Adhesive in 2013.[1] (Plaintiff's Complaint, Dkt. 1-1, at ¶ 7.) On January 15, 2021, Plaintiff contacted his supervisor and Evans Adhesive's Human Resources department to inform them that Plaintiff was taking his son for a Covid-19 test. (*Id*. at ¶ 8.)

On January 19, 2021, Plaintiff contacted his supervisor to inform the supervisor that Plaintiff was still waiting for the result of his son's Covid-19 test. (*Id*. at ¶ 9.) Plaintiff's supervisor suggested to Plaintiff that Plaintiff might need a Covid-19 test. (*Id*.) Later that

---

[1] Evans Adhesive denies as untrue many of the factual allegations in Plaintiff's Complaint. For ease of reading and because the Court must assume all of the facts properly alleged in the Complaint as true solely for purposes this motion to dismiss, Evans Adhesive will not label each and every fact as "alleged" from this point forward, despite Evans Adhesive reserving the right to contest any or all of them if necessary at the appropriate stage.

1

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 5:23-cv-00978-AB-PVC**

day, Plaintiff received a negative test result from his son's Covid-19 test. (*Id*.) Plaintiff again contacted his supervisor to inform his supervisor of his son's negative test result, after which Plaintiff's supervisor texted Plaintiff stating: "I need a negative test for you to return. Especially since you have been sick as well." (*Id*.)

On January 20, 2021, Evans Adhesive personnel stated to Plaintiff that he should not appear for work until Plaintiff received a negative Covid-19 test result. (*Id*. at ¶ 10). That same day, Plaintiff scheduled a Covid-19 test to take place on January 22, 2021. (*Id*.) Plaintiff ultimately took a Covid-19 test on January 22, 2021. (*Id*. at ¶ 11.)

On January 25, 2021, Plaintiff received the result to his Covid-19 test. (*Id*. at ¶ 12). The result was <u>negative</u>. (*Id*.) Plaintiff called Evans Adhesive to inform Evans Adhesive that his Covid-19 test result was negative. (*Id*.) In response, Evans Adhesive informed Plaintiff that it had terminated Plaintiff's employment. (*Id*.)

On January 13, 2023, filed his lawsuit against Evans Adhesive and various unidentified defendants with the San Bernardino County Superior Court, which Evans Adhesive removed to this Court. Based on the aforementioned allegations, Plaintiff's lawsuit asserts various claims as follows: violations of the Americans with Disabilities Act ("<u>ADA</u>"); violations of the California Fair Employment and Housing Act, Cal. Government Code § 12900, et seq. ("<u>FEHA</u>"); violations of the California Family Rights Act ("<u>CFRA</u>"); and wrongful termination in violation of public policy.

## III.   LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Even under the liberal pleading standard of Rule 8(a)(2), a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, the Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

facially plausible when a plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.

Additionally, in spite of the deference that a court is to pay to any factual allegations made, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must a court "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

Dismissal with prejudice is properly entered where any amendment would be an exercise in futility or if the amended complaint would also be subject to dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Pepper v. Gish*, 10 F. App'x 474, 475 (9th Cir. 2001) (district court did not err by dismissing without leave to amend where complaint could not be cured by amendment).

Here, as set forth below, each cause of action lacks sufficient factual allegations to sustain any of the eight causes of action. Rather, the Complaint improperly relies on legal conclusions and application of labels. Further, the legal deficiencies cannot be cured by amendment including supplemental allegations. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice in its entirety and without leave to file an amended pleading.

///

///

///

## IV.   ARGUMENT

### A.   Plaintiff Fails to Plausibly Allege a Disability, as Required by the FEHA and the ADA.

Plaintiff's first through fifth causes of action fail as a matter of law because Plaintiff's Complaint does not plausibly allege Plaintiff suffered from an actual disability, nor does it plausibly allege that Evans Adhesive regarded Plaintiff as having a disability. Claims under both the FEHA and the ADA require a disability as a necessary element. *See Roman v. Hertz Local Edition Corp.*, No. 20cv2462, 2022 WL 1541865, at *3, 8 (S.D. Cal. May 16, 2022). Here, Plaintiff's alleged condition—a *negative* Covid-19 test—does not plausibly constitute a disability under applicable law.

To state a claim for disability discrimination under the FEHA, a plaintiff must allege that he: (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability. *Wills v. Superior Ct.*, 195 Cal. App. 4th 143, 159–60 (2011). The FEHA defines a physical disability as a physiological condition that affects one or more body systems. Cal. Govt. Code § 12926(m)(1)(A). Under the FEHA, a disability must also limit a major life activity. *Id*. § 12926(m)(2)(B). On the other hand, conditions that are mild or that do not limit a major life activity <u>are not</u> disabilities within the meaning of the FEHA. 2 Cal. Code Regs. § 11065(d)(9)(B). "These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza." *Id.* The California Legislature modeled the FEHA after the ADA. *Roman*, 2022 WL 1541865, at *7.

The ADA similarly requires the existence of a disability, but it sets a higher threshold for a disability by requiring that an impairment "substantially" limit a major life activity. *See* 42 U.S.C. § 12102(1)(A). To state a claim for disability discrimination under the ADA, a plaintiff must allege that (1) he is disabled; (2) he is qualified for the job (i.e., able to perform the job's essential functions); and (3) he was subjected to an adverse employment

4

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 5:23-cv-00978-AB-PVC**

action because of his disability.  *See Lundstrom v. Contra Costa Health Services*, No. 22-cv-06227, 2022 WL 17330842, at *4 (N.D. Cal. Nov. 29, 2022) (citation omitted).  The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities, or being regarded as having such an impairment. 42 U.S.C. § 12102(1).

Plaintiff only alleges that he had taken a Covid-19 test that ultimately produced a <u>negative</u> result. (Dkt 1-1, at ¶ 12)  Because this is insufficient  to allege a disability, Plaintiff's first through fifth causes of action fail as a matter of law.

### 1.    Covid-19 is Not a Disability As a Matter of Law.

Although Plaintiff did not actually have a Covid-19 infection, a Covid-19 infection is not a disability.  Plaintiff's allegations are similar to the facts for which the *Roman* court ruled that Covid-19 <u>does not</u> constitute a disability as a matter of law under FEHA.  2022 WL 1541865, at *7.  In *Roman*, the plaintiff actually had a Covid-19 infection.  *Id.* at *2. The *Roman* court found that a mild Covid-19 infection, without long-term symptoms that do not resolve, does not fall within either the FEHA's or the ADA's definition of a disability.  *Id.* at *6, 8. Also, the *Roman* court rejected the plaintiff's argument that the defendant employer's treatment of the plaintiff transformed a mild Covid-19 infection into a disability.  *Id.* at *8.  The court held that application of a Covid-19 policy to a particular employee <u>is not</u> a disability because "an employer's legal treatment of an individual cannot form the basis of finding for a disability."  *Id.*  Since the plaintiff's limitation on working was not caused by her alleged illness but rather by the Covid-19 testing policy, the *Roman* court held the plaintiff's positive Covid-19 test did not qualify as a disability.  *Id.* at *9.

Here, Plaintiff <u>did not</u> have Covid-19.  (Dkt. 1-1, at ¶ 12.)  Rather, Plaintiff bases his claims on allegations of Evans Adhesive's treatment of Plaintiff and application of policies to Plaintiff.  Thus, Plaintiff unequivocally has failed to allege a disability as those terms are defined under the FEHA and the ADA.

Due to the absence of a disability, Plaintiff's first through fifth causes of action fail as a matter of law.  Thus, the first through fifth causes of action should be dismissed with

prejudice.  *See Lundstrom*, 2022 WL 17330842, at *5 ("having COVID-19 is generally 'transitory' and therefore not a disability under the ADA"); *see also Roman*, 2022 WL 1541865, at *10 (claims for disability discrimination, failure to accommodate, failure to engage in interactive process, and other alleged violations of California Government Code § 12940 "require [allegations] that [plaintiff] was disabled according to FEHA").

### 2.    Beyond Conclusory Assertions, Plaintiff Failed to Allege Evans Adhesive Perceived or Regarded Him as Having a Disability.

Plaintiff's allegations based on Evans Adhesive's purported perception also fail to demonstrate the existence of a disability.  "Being perceived of as having COVID-19 is [] not a disability under the ADA."  *See Lundstrom*, 2022 WL 17330842, at *5 (granting 12(b)(6) motion to dismiss plaintiff's ADA claims based on allegations employer regarded plaintiff as having Covid-19).  Also, under the FEHA, in order to allege an employer regarded a plaintiff as having a disability, the plaintiff must allege that he was "regarded or treated by the employer . . . as having, or having had, any physical condition that makes achievement of a major life activity difficult" or that he was "regarded or treated by the employer . . . as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability." Cal. Gov. Code § 12926(m)(4), (5).  There are no such allegations in the instant lawsuit.

The instant lawsuit fails for the same reason the court dismissed ADA claims in *Lundstrom*.  There, the court granted dismissal with prejudice of ADA claims where the plaintiff alleged the employer perceived her as "disabled with a contagious disease" in the form of Covid-19 where she was barred from the workplace due to her unvaccinated status. 2022 WL 17330842, at *5.  The *Lundstrom* court noted that "[f]ederal courts generally agree that a COVID-19 infection <u>is not</u> a disability."  *Id.* (citations omitted) (emphasis supplied).  The *Lundstrom* court further noted that individuals are not regarded as disabled where the perceived "impairments [] are 'transitory and minor,'" or have "an actual or expected duration of six months or less." *Id.* (citing 42 U.S.C. § 12102(3)(b)).  Since

---

Covid-19 is generally transitory and consequently not a disability under the ADA, the perception of having Covid-19 is likewise not a qualifying disability under the ADA. *Id.* The *Lundstrom* court consequently granted dismissal with prejudice under Rule 12(b)(6). *Id.* Here, Plaintiff has similarly failed to demonstrate he was regarded as having a disability. Plaintiff only asserts conclusory allegations that "Plaintiff was perceived by Defendant as suffering from a medical condition (Covid-19)." (Dkt. 1-1, at ¶ 15). At best, such conclusory assertions merely allege perception of a transitory, mild illness for which courts hold that there is not a qualifying disability under applicable law.

Plaintiff's conclusory allegation that he was regarded as disabled is also insufficient to establish claims under the FEHA. The instant lawsuit is similar to *Roman*, in which the *Roman* court found the plaintiff could not demonstrate the defendant regarded the plaintiff as disabled. *Roman*, 2022 WL 1541865, at *9. In *Roman*, the plaintiff failed to demonstrate that the defendant employer acted in a way to indicate it believed the plaintiff's Covid-19 infection was potentially disabling. *Id.* Like the allegations in the instant lawsuit, the defendant in *Roman* required the plaintiff take a Covid-19 test before returning to work. *Id.* The *Roman* court noted that the employer did <u>not</u> request any medical information that would indicate the presence (or absence) of a potentially disabling effect from a Covid-19 infection. *Id.* Here, Plaintiff has failed to allege that Evans Adhesive acted in any way indicating it believed Plaintiff had a Covid-19 infection that was potentially disabling. Further, Plaintiff's Complaint does not allege Evans Adhesive sought any information from Plaintiff that would indicate the presence or absence of a potentially disabling effect from a Covid-19 infection. Plaintiff alleges that Evans Adhesive simply sought that Plaintiff take a Covid-19 test and receive a negative result. (Dkt. 1-1, at ¶ 9.) Accordingly, Plaintiff has failed to allege Evans Adhesive regarded Plaintiff as disabled within the meaning of the FEHA.

Each of Plaintiff's first through fifth causes of action are premised upon Plaintiff being disabled under the FEHA and the ADA. Thus, Plaintiff cannot state any cause of action under the FEHA or the ADA, and consequently Plaintiff's first through fifth causes

of action should be dismissed with prejudice.

### 3. Due to Plaintiff's Lack of Allegations of Protected Activity, his Retaliation Claim Fails.

Beyond conclusory assertions, Plaintiff's Complaint fails to allege that he engaged in protected activity to sustain retaliation claims. To advance a claim for retaliation under either the ADA or the FEHA, a plaintiff must allege: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Janvier v. City of Oakland*, 2022 WL 14813900, at *8 (N.D. Cal. Oct. 25, 2022) (citations omitted); *Lundstrom*, 2022 WL 17330842, at *6 (citation omitted). To demonstrate protected activity, a plaintiff must allege either that he challenged a violation of the law or requested a remedy authorized by the law. *Id.* Beyond conclusory assertions that are insufficient to meet the federal pleading standard, the Complaint contains no allegations that Plaintiff opposed any alleged disability-based discrimination. Further, beyond conclusory assertions that are insufficient to meet the federal pleading standard, the Complaint contains no allegations that Plaintiff requested a disability accommodation of any kind from Evans Adhesive, whether in the form of leave or any other type of disability accommodation. Overall, Plaintiff has not described any situation concerning a disability as defined under applicable law, since, again, Covid-19 infection is not a disability under the FEHA or the ADA. Thus, Plaintiff has failed to allege the elements of a retaliation claim, and consequently it should be dismissed with prejudice.

### 4. Plaintiff's Failure to Accommodate and Failure to Engage in Interactive Process Claims Fail.

Plaintiff's Second and Third causes of action fail because Plaintiff does not allege he identified any limitations to Evans Adhesive. To allege a claim for failure to accommodate, a plaintiff must allege that he made his employer aware of an impairment that limited the plaintiff in a major life activity. *See King v. Permanente Medical Group, Inc.*, No. 13-01560, 2013 WL 5305907, at *9 (E.D. Cal. Sept. 19, 2013) (citation omitted). An allegation of a request to take time off is insufficient to plead a claim for failure to

accommodate. *Id.* (citation omitted). To assert a claim for failure to engage in the interactive process, a plaintiff must allege that the defendant was aware of the need to consider an accommodation. *Id.* (citation omitted). The employee bears the burden of initiating the interactive process. *Id.* (citation omitted).

Here, Plaintiff's Complaint only contains conclusory assertions that he requested a reasonable accommodation, without factual detail. Such conclusory allegations are insufficient to meet the pleading standard. Further, Plaintiff's allegations that he requested time off would not have been sufficient to indicate to Evans Adhesive that Plaintiff had any limitation or that there was any need to consider an accommodation. Thus, in addition to Plaintiff's failure to allege an actual or perceived disability, Plaintiff's Second and Third causes of action also fail because Plaintiff does not allege he initiated any discussion with Evans Adhesive regarding any purported limitation. *See id.* (granting 12(b)(6) dismissal of failure to accommodate and failure to engage in interactive process claims). Such claims should be dismissed with prejudice.

**B.      Plaintiff Fails to Plausibly Allege a Serious Health Condition, as Required by the CFRA and the FMLA.**

Despite Plaintiff's conclusory assertions that he "had qualifying serious health conditions," Plaintiff's Complaint fails to allege a serious health condition as defined under applicable law. Claims under both the CFRA and FMLA require a plaintiff to demonstrate that he suffered from a serious health condition, as that term is defined under law. *See King* 2013 WL 5305907, at \*5. Under both the CFRA and the FMLA, a plaintiff must demonstrate an "illness" involving "inpatient care in a hospital, hospice, or residential medical facility" or "continuing treatment by a health care provider" in order to allege a "serious health condition." *See id.* (citing 29 U.S.C. § 2611; 2 C.C.R. § 11087(u)). To make out a prima facie case for either retaliation or interference, a plaintiff must allege that he was eligible for leave—that is, that either he or a qualifying family member had a serious health condition.

Here, despite Plaintiff's attempt to base his sixth and seventh causes of action on the

conclusory allegation that Plaintiff had a qualifying serious health condition, Plaintiff's Complaint fails to allege a serious health condition as defined under applicable law. (Dkt. 1-1, at ¶¶ 49, 56). Plaintiff <u>does not</u> allege that he was ever under inpatient care or continuing treatment. At any rate, such allegations would be illogical because Plaintiff never actually had a Covid-19 infection. (*Id*. at ¶ 12.) In the absence of a serious health condition, Plaintiff cannot fashion a CFRA or FMLA claim merely by alleging that Evans Adhesive interfered with sick leave or retaliated against Plaintiff for taking sick leave. *See King*, 2013 WL 5305907, at *5-6. Accordingly, Plaintiff cannot demonstrate a serious health condition. Thus, Plaintiff's sixth and seventh causes of action should be dismissed with prejudice. *See id.* (granting motion to dismiss CFRA and FMLA claims where plaintiff failed to demonstrate influenza and dehydration constituted serious health condition).

### C. Plaintiff's Claim for Wrongful Termination in Violation of Public Policy is Derivative of Claims for Which Plaintiff has Failed to Allege Violations of Law.

Since Plaintiff has based his eighth cause of action on laws for which Plaintiff has failed to allege violations, his claim for wrongful termination in violation of public policy also fails as a matter of law. Where a plaintiff premises a wrongful termination claim on laws for which the plaintiff failed to demonstrate violations, the wrongful termination claim should also be dismissed. *See King*, 2013 WL 5305907, at *7 (granting dismissal of wrongful termination claim under Rule 12(b)(6) where plaintiff failed to state a claim under CFRA and FMLA). Here, Plaintiff's eighth cause of action is premised upon and duplicative of laws for which Plaintiff has failed to state a claim—namely, the FEHA, the CFRA, and the FMLA. (Dkt. 1-1, at ¶¶ 63-64). As discussed at length above, Plaintiff has failed to demonstrate a violation of any of these laws. Accordingly, the Court should also dismiss with prejudice Plaintiff's claim for wrongful termination in violation of public policy.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss

10

with prejudice Plaintiff's Complaint.

Dated:  July 6, 2023                              Respectfully submitted,


                                                  _s/ Ruby H. Kazi_____
                                                  RUBY H. KAZI (CA 243872)
                                                  **Benesch, Friedlander, Coplan &
                                                  Aronoff LLP**

                                                  *Counsel for Defendant Evans Adhesive
                                                  Corporation*

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 5:23-cv-00978-AB-PVC**